Reid v. Simmons, et al.                    CV-89-152-M    05/13/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Gordon C. Reid

        v.                                      Civil No. 89-152-M

Officers Gary Simmons, Ronald Paul,
James Ahern, and Richard Gilman


**O R D E R**


Gordon Reid has moved for reconsideration of portions of the court's orders dated March 26, 1997, and April 8, 1997, and has moved to seal the file produced by the Hillsborough County Attorney.  His motions are resolved as follows.


**A.    Document No. 206: Motion to Reconsider March 26, 1997 Order**

Reid asks the court to reconsider its decision not to reopen discovery in this case, but he does not specify what discovery he believes may be incomplete and/or necessary to prepare his case. Reid's remaining claims in this litigation, "that Reid was arrested without probable cause and that the police failed to disclose the exculpatory impeachment evidence to the prosecutors," have been construed as consisting of state-law causes of action for false arrest and malicious prosecution, and a procedural due process Brady claim under 42 U.S.C.A. § 1983. Reid v. State of N.H., 56 F.3d 332, 341 (1st Cir. 1995).  The First Circuit also held that Reid "was entitled to receive responses to the unanswered interrogatories as previously ordered by the court, and the additional discovery requested in the Rule

56(f) motion" and "should be allowed to conduct reasonable further discovery relating to the state-law and section 1983 claims against the police defendants." Id. at 342.

Following the First Circuit's decision, the discovery deadline was set for October 1996. In its March 26, 1997 order, the court denied Reid's request to extend the deadline for new discovery but ordered the parties to comply with pending discovery requests. If Reid should find that discovery he requested is insufficient to respond to a motion for summary judgment defendants may file, he may of course interpose an appropriate Rule 56(f) motion for further specified discovery, in which he shall "(1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue and (2) demonstrate good cause for failure to have conducted discovery earlier." Id. at 341 (internal quotation omitted).

Reid also seems to request reconsideration of that portion of the order requiring defendants to respond to his first set of interrogatories, arguing that defendants' response is now time barred. It is unclear from Reid's motion and defendants' response whether Reid objects to the court's order that defendants respond to his first set of interrogatories or whether Reid is now asserting that defendants have failed to answer (or state appropriate objections) to those interrogatories as ordered by the court. To the extent Reid challenges the court's order granting his motion to compel answers, the motion to reconsider

2

is denied. If defendants have failed to comply with the court's order compelling answers (or appropriate objections) to the interrogatories and Reid is asserting waiver on that basis, Reid should file an appropriate motion to that effect.

Reid's request for reconsideration of the court's decision to review the Hillsborough County Attorney's file in camera is denied, and his request to reconsider "clarification" of the capacity of defendants is also denied.

**B.    Document No. 205: Motion to Reconsider April 8, 1997 Order**

Following in camera review of the Hillsborough County Attorney's file pertaining to the state's criminal prosecution of Reid for aggravated felonious sexual assault of a minor, the court proposed to release copies of certain documents. When no objection was received within the allotted time, the court sent copies of the designated documents to the parties and the Hillsborough County Attorney's office. As Reid correctly points out in his motion to reconsider, the order mistakenly identifies the file by only one state case number, 86-1820, rather than as containing state files numbered 86-1819 through 1821. Upon review of the materials submitted by the County Attorney and the transmittal letter accompanying the material, copy attached, the court realizes that the materials sent for in camera review included case numbers 86-1819 through 1821. The documents released following in camera review are appropriately responsive to Reid's discovery request as limited by Reid v. State of N.H.,

3

56 F.3d 332, 341-42 (1st Cir. 1995). Accordingly, Reid's motion to reconsider is granted as to the designation of the state file numbers, but is otherwise denied. The order should be considered amended to the extent that "86-1820" in fact refers to "86-1819 through 86-1821."

### C. Document No. 207: Motion to Seal County Attorney's File

Reid asks that the court impound and seal the Hillsborough County Attorney's file pertaining to his state criminal prosecution for appellate review. The court understands his motion to pertain to the original file, but obviously not to the documents already copied and released pursuant to the court's in camera review. Reid's motion is granted, although no objection has been received and the time for objection has not yet expired, since the files are obviously old and the County Attorney likely has no need for routine access to them at this point. Should defendants or the County Attorney object to the court's decision, however, they may move for reconsideration. The original file as provided by the Hillsborough County Attorney shall be sealed and held as part of the record in this case pending closure and completion of any further appellate review.

### CONCLUSION

Reid's motions to reconsider (documents nos. 205 and 206) are denied. A copy of document no. 196 is attached. Reid's

4

motion to seal and impound the county attorney's file (document no. 207) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 13, 1997

cc:  Robert G. Whaland, Esq.
     Gordon C. Reid
     Carolyn M. Kirby, Esq.